**Donald P. SIGMON, Appellant,**

v.

**Joseph A. CALIFANO, Secretary of Health, Education & Welfare, Appellee.**

**No. 79–1117.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1980.

Decided March 4, 1980.

---

John E. Hall, North Wilkesboro, N. C. (Michael R. Lyon, McElwee, Hall, McElwee & Cannon, North Wilkesboro, N. C., on brief), for appellant.

Wayne C. Alexander, Asst. U. S. Atty., Charlotte, N. C. (Harold M. Edwards, U. S. Atty., Asheville, N. C., on brief), for appellee.

Before HALL and PHILLIPS, Circuit Judges, and ROBERT J. STAKER, United States District Judge, sitting by designation.

PER CURIAM:

Donald P. Sigmon appeals from the district court's affirmance of the final decision of the Secretary of Health, Education and Welfare terminating social security disability benefits to Sigmon as of June 30, 1973. Sigmon argues that work done by him in the summer of 1973 qualifies as "trial work" under 42 U.S.C. § 422(c) and should not have been considered in determining whether or when his disability ceased. We disagree and affirm.

This case was earlier remanded to the Secretary for a determination whether Sigmon's work in July, August and September of 1973 should be considered "trial work." If the work were found not so to qualify, we then said, the Secretary could "reaffirm his prior decision since we agree with the district court that it is supported by substantial evidence." *Sigmon v. Califano*, No. 77–2180, slip. op. at 3 (4th Cir. May 1, 1978) (unpublished). On remand, the Secretary concluded that the work did not qualify as trial work because of the limitation of § 422(c) in 20 C.F.R. § 404.1536(c), which provides that "such period shall not begin . . . before the month in which application is filed for such benefits . . . ." Sigmon did not file for disability benefits until March 20, 1974.

Sigmon now argues that this limitation of trial work in § 404.1536(c) cannot be applied as it is in conflict with § 422(c). We agree with the district court that while § 404.-1536(c) limits the application of § 422(c), it does not conflict with it.

The general rule is one amply supported by common sense: the Secretary can

consider work done by the claimant after the alleged onset of disability as tending to show that the claimant was not then disabled. *Brown v. Weinberger,* 385 F.Supp. 780 (E.D.Mo.1974) *aff'd per curiam,* 520 F.2d 1010 (8th Cir. 1975). The exception to this rule contained in § 422(c) is to encourage persons whose statutory disability is in issue to try to rehabilitate themselves so that they may again engage in gainful activity. The "trial work" provision assures them that they may attempt to return to work without prejudicing determination of their period of statutory disability. But § 404.1536(c) contemplates that the trial work effort shall be one undertaken with knowledge of the Secretary so that, among other things, its *bona fides* and rehabilitative purpose may be monitored. This of course can only be assured after the Secretary is made aware of the existence of a claim for benefits. This is the purpose of § 404.1536(c) and we think it a valid limitation that lies well within the statutory purpose of § 422(c).

■ It is apparent that Sigmon's return to his previous job months before he filed for disability benefits was not part of any formally approved rehabilitation program such as is contemplated by the statute and by the regulation. We do not believe that the Secretary's consideration of this work in determining Sigmon's continuing disability violates the mandate of § 422(c).

Accordingly, we affirm.

*AFFIRMED.*