**Willard PAYNE, Sr., Plaintiff–Appellant,**

**v.**

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellee.**

**No. 90–1157.**

United States Court of Appeals, Fourth Circuit.

Argued May 10, 1991.

Decided Oct. 23, 1991.

Charles Dodson Bennett, Jr., Fredericksburg, Va., argued, for plaintiff-appellant.

Stephen M. Walker, Asst. Regional Counsel, Office of the Gen. Counsel, Department of Health and Human Services, Philadelphia, Pa., argued (Eileen Bradley, Chief Counsel, Region III, William B. Reeser, Supervisory Asst. Regional Counsel, Robert S. Drum, Candace J. McNeir, Asst. Regional Counsel, Office of the Gen. Counsel, Department of Health and Human Services, Philadelphia, Pa., Henry E. Hudson, U.S. Atty., and Robert C. Erickson, Jr., Asst. U.S. Atty., Alexandria, Va., on brief), for defendant-appellee.

Before MURNAGHAN and NIEMEYER, Circuit Judges, and MURRAY, Senior District Judge for the District of Maryland, sitting by designation.

## OPINION

NIEMEYER, Circuit Judge:

Willard Payne, Sr. appeals from the summary judgment of the district court, affirming the final decision of the Secretary of Health and Human Services to deny Payne's application for social security disability benefits. The federal regulations dealing with social security benefits provide that if a claimant is "able to engage in substantial gainful activity," he will be found to be not disabled. 20 C.F.R. § 404.-1571 (1991). Because we find substantial evidence to support the Secretary's finding that Payne was engaged in substantial gainful activity during the period for which he claimed benefits, we affirm.

On December 2, 1986, Payne injured his back while lifting a 300 pound cement-filled tire at his job with a sand and gravel company, and consequently, he never returned to work. He applied for social security disability benefits on May 11, 1987. Two months later, as a result of vocational rehabilitation, he began working part-time as a security guard. He continued to experience back pain which forced him to re-

duce the number of days per week that he worked and to rest 15 minutes per hour during the work day. Nevertheless, from July 7, 1987, through February 3, 1989, his gross average monthly income was $331.01.

Payne's income as a security guard is significant because the federal regulations state that "[t]he amount of your earnings from work you have done may show that you have engaged in substantial gainful activity." 20 C.F.R. § 404.1574(a)(1) (1991). Section 404.1574 further provides:

> We will consider that your earnings from your work activities as an employee show that you have engaged in substantial gainful activity if— . . .
>
> (vi) Your earnings averaged more than $300 a month in calendar years after 1979 and before 1990. . . .

20 C.F.R. § 404.1574(b)(2) (1991).

Payne's application for social security disability benefits was assigned to an Administrative Law Judge (ALJ), who found that Payne had engaged in substantial gainful activity and denied his application for benefits. The ALJ's decision became the final decision of the Secretary after the Appeals Council of the Department of Health and Human Services denied Payne's request for review.

Payne sought judicial review of the Secretary's final decision, pursuant to 42 U.S.C. § 405(g) (1988). The district court granted the Secretary's motion for summary judgment, finding that Payne's average monthly income of over $300 as a security guard automatically excluded him from eligibility for disability benefits. The court, relying exclusively on the income guidelines for its decision, did not reach the question of whether substantial evidence supported the ALJ's findings. On appeal we affirm the judgment, but we do so on the basis that the ALJ's decision, which did not rely exclusively on Payne's income, but concluded on the basis of all the evidence that Payne was not disabled, is supported by substantial evidence.

■ The income guidelines of 20 C.F.R. § 404.1574(b)(2) (1991) do not automatically disqualify a disability claim. The regulation provides that earnings from work activities that exceed the guidelines "will *ordinarily* show that [the claimant has] engaged in substantial gainful activity." *Id.* (emphasis added). Moreover, we stated in *Garnett v. Sullivan*, 905 F.2d 778, 780 n. 1 (4th Cir.1990),

> For calendar years 1979 to 1990, if a disability claimant's earnings averaged more than $300 per month, a *presumption* of SGA [substantial gainful activity] arose. Conversely, if a claimant's earnings averaged less than $190 per month, a presumption arose that the claimant was not engaged in SGA. If a claimant's earnings averaged between $190 and $300 per month, no presumption arose and the Secretary considered other information to show SGA. 20 C.F.R. § 404.-1574.

(emphasis added). This presumption of substantial gainful activity is not to be rigidly applied, and it may be rebutted. *E.g., Thompson v. Sullivan*, 928 F.2d 276, 277 (8th Cir.1991); *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir.1990). Thus, it would be inappropriate to base a finding of "no disability" solely on the fact that the claimant's earnings exceeded $300 per month.

■ Relying on these principles, Payne contends that because the ALJ "limited [the basis of] his decision to the numerical guidelines" his finding should be reversed.

The premise of Payne's argument that the ALJ only considered his average monthly earnings to determine that he was not disabled is mistaken. The ALJ's recitation of facts discussed not only Payne's earnings, but also the nature of his work and his ability to do that work, including his endurance, his capacity to perform various physical functions, and his work schedule. Moreover, the findings also relied on many more factors than Payne's average monthly earnings. The ALJ found, for example, that Payne

> returned to work approximately seven months after the alleged onset of disability and he continues to work as a security guard. His earnings, at least through

February 3, 1989, averaged more than $300.00 per month ... and his activity as a security guard involves significant physical activities for pay or profit within the requirements of section 404.1573 of [the regulations]. Although the claimant has currently reduced his work activity to only once a week, the record as a whole fails to demonstrate an inability to engage in work activity for a continuous period of at least 12 months since the alleged onset of disability and as such, it must be concluded that Mr. Payne is "not disabled" and therefore not entitled to disability insurance benefits....

J.A. at 113.

These findings are substantially consistent with the scope of analysis described in 20 C.F.R. § 404.1573, which lists factors to consider regarding "work activity," including the nature of the work, how well the claimant performs, whether the claimant is self-employed, and the time spent in work. Moreover, these are precisely the factors that a claimant would have to rely on in rebutting the presumption that is created by the earnings guidelines of 20 C.F.R. § 404.1574(b)(2). *See, e.g., Dinkel v. Secretary of Health & Human Services,* 910 F.2d 315, 318 (6th Cir.1990); *Anderson v. Heckler,* 726 F.2d 455, 456 (8th Cir.1984). The ALJ thus did not consider the earnings guidelines to be an automatic disqualification. Rather, he relied on an array of other relevant factors to conclude that Payne was engaged in a substantial gainful activity.

Any doubt about the scope of the ALJ's conclusions is put to rest by the summary of the conclusions reached by the ALJ, which included:

2. The claimant is working as a security guard, and has been since July 17, 1987, and is earning an average of more than $300.00 per month (20 CFR 404.1574).

3. The claimant's work activity involves significant physical or mental activities for pay or profit (20 CFR 404.1573).

4. The claimant's work activity constitutes substantial gainful activity within the meaning of the regulations (20 CFR 404.1572).

5. The claimant has not been unable to engage in substantial gainful activity for any continuous period of at least 12 months.

J.A. at 114.

 When all relevant factors are considered, including Payne's income and the nature of his work and his injury, we find that there is substantial evidence in the record to support the Secretary's final decision. Accordingly, the judgment must be affirmed. *See* 42 U.S.C. § 405(g) (1988) ("[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive").

AFFIRMED.