Wallace JENKINS, S.S. # 250–
72–2492, Plaintiff,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant.

Civ. A. No. 83–1746–8J.

United States District Court,
D. South Carolina,
Aiken Division.

Feb. 7, 1992.

Mary J. Wiesen–Kosinski, Aiken, S.C.,
for plaintiff.

E. Bart Daniel, U.S. Atty., Columbia,
S.C., for defendant.

## ORDER

BLATT, District Judge.

This matter is before the court, pursuant to 42 U.S.C. § 405(g), for judicial review of a final decision by the Secretary of Health and Human Services. The plaintiff seeks disability and supplemental security income benefits ("disability benefits") and the Secretary has denied plaintiff's claim for those benefits upon a finding of no disability.

The record before this court includes the report and recommendation of a United States Magistrate Judge in which the magistrate judge recommends that the Secretary's decision be affirmed. The report and recommendation of the United States magistrate judge was made in accordance with 28 U.S.C. § 636 and the local rules of this district concerning reference to a magistrate judge. *See United States Magistrates,* Local Rule 19, D.S.C.; *Social Security Cases,* Local Rule 20, D.S.C.; *Bowman v. Bordenkircher,* 522 F.2d 209 (4th Cir.1975). Under 28 U.S.C. § 636(b),

[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by

the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Absent timely objection from a dissatisfied party, a district court is not required to review, under a *de novo* or any other standard, a magistrate judge's factual or legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985). In the present case, the plaintiff timely filed objections to the magistrate judge's report; therefore, there the court will conduct a *de novo* review of those portions of the magistrate judge's report to which plaintiff objects.

In January and February of 1982, plaintiff applied for disability benefits based upon an inability to work commencing December 12, 1981 as the result of a variety of impairments. Plaintiff's impairments included a back injury,[1] a seizure disorder, alcoholism and a mental impairment[2].

On February 12, 1988, after a lengthy administrative and judicial review process, in which the Secretary continued to deny plaintiff's claim, this court remanded the action to the Secretary with instructions to determine whether plaintiff had been engaging in substantial gainful activity, and, if not, to consider the cumulative effects of plaintiff's impairments. The Secretary reconsidered plaintiff's claims in light of the court's instructions and again issued a denial of plaintiff's claim on February 8, 1990, upon a finding that plaintiff was engaging in substantial gainful activity. The Secretary made no finding as to the cumulative effects of plaintiff's impairments.

The Secretary found that plaintiff is and has been engaging in substantial gainful work activity since 1987. Further, the Secretary found that plaintiff was not unable to engage in substantial gainful work activity for any continuous period of at least twelve months during the alleged period of disability from December 12, 1981, through December 31, 1986. The Secretary relies on Social Security Ruling 82–52 because it provides that if a person is found disabled before the expiration of the initial twelve months of disability but then returns to work within that twelve month period, benefits should be terminated.

■ Jenkins filed his applications for disability insurance benefits in January and February of 1982. Following the onset of Jenkins' disability in December of 1981, Jenkins did not work continuously for two years until January 1984, with the exception of three, possibly four, sporadic and brief periods of work.[3] Plaintiff concedes that he has been engaged in substantial gainful work activity since 1987. However, he argues that his earnings after the application for benefits and before 1987 were the result of unsuccessful work attempts[4] or were trial work periods.[5] If plaintiff's periods of employment were unsuccessful work attempts or trial work periods, plaintiff is entitled to benefits based on a calculation of the period of disability which does not penalize him for those periods of employment.

Jenkins contends that *McDonald v. Bowen*, 818 F.2d 559, 563 (7th Cir.1986), supports his position. In *McDonald*, the Seventh Circuit Court of Appeals held that, under 20 CFR § 404.1592(a), an individual who suffers from an impairment that has lasted, or is expected to last, twelve months is entitled to benefits, and the benefit of the trial work period exception, after waiting five months. *Id.*, at 563–564.

Jenkins also worked in March of 1983 and possibly December of 1983, but did not work again until January of 1984. In 1984, Jenkins worked in January through March, in May through August, and again, in November. Jenkins worked only in January and November of 1985, and in March, April, May, and December of 1986.

1. Jenkins suffered a back injury while cleaning a stable in December 1981. Tr. p. 462.

2. Jenkins has consistently received less than a 70 WAIS IQ score. Tr. p. 478. Generally, this score is characteristic of less than 2 percent of the population according to Part 404, Subpt. P., App. 1 of the Social Security Administration Regulations.

3. He earned income in 1982 for periods he worked in November and December of 1982.

4. 20 CFR § 404.1574(a)(1) (1990).

5. 20 CFR § 404.1592(a) (1990).

The magistrate judge addressed Jenkins' reliance on *McDonald* and found that according to the Seventh Circuit Court of Appeals' theory, as espoused in *McDonald,* the statutory definition of "disabled" allows two constructions of the term. Under one construction of the statutory definition of "disabled," benefits are allowed to an individual who works during the first twelve months, but not during the first five months, and any work performed after the first five months may be given the benefit of the trial work period exception. Under an alternate construction, benefits are not allowed to anyone who works during the first twelve months after applying for disability at anytime before benefits are adjudicated. In *McDonald,* the Seventh Circuit adopted the first construction; the Secretary follows the second construction. The Social Security Administration has directed that the holding of *McDonald v. Bowen* be limited to the Seventh Circuit in Acquiescence Ruling 88–3(7).

In light of the Acquiescence Ruling which limits the *McDonald* interpretation to the Seventh Circuit, the magistrate judge eschewed Jenkins' argument. Furthermore, in reliance upon a Fourth Circuit Court of Appeals opinion, *Sigmon v. Califano,* the magistrate judge reasoned that regardless of the *McDonald* holding, a trial work period should be undertaken with the knowledge of the Secretary so that "its bona fides and rehabilitative purpose can be monitored." *Sigmon v. Califano,* 617 F.2d 41, 42 (4th Cir.1980). Sigmon began work which he claimed was a trial work period before he applied for disability benefits and argued that he should be given the benefit of the trial work period exception in determining his period of disability.

The current regulations are clear that a period of work cannot be considered "trial work" if that period began before the claimant's application for benefits: "[a trial work period] cannot begin before the month in which [the claimant files his] application for benefits ..." 20 CFR § 404.-1592(e). Therefore, in *Sigmon,* the Secretary could not consider the periods of work as "trial work periods" because they began

before the claimant applied for disability benefits.

In the instant case, Jenkins applied for benefits ten months before any period of employment which he claims is a trial work period. Nevertheless, the magistrate judge, relying on the above-quoted language from *Sigmon,* found that plaintiff could not fault the Secretary for not considering Jenkins' sporadic employment as trial work when the Secretary had no knowledge of it and could not monitor its rehabilitative benefits. The magistrate judge urged that because Jenkins had not informed the Secretary that he was attempting a trial work period, the period of employment could be used as evidence against a finding of Jenkins' disability and in support of the Secretary's finding that Jenkins was substantially gainfully employed. The magistrate judge recommended that benefits be denied.

The plaintiff objects to the magistrate judge's finding that a period of employment after the date of plaintiff's entitlement to benefits, but before an adjudication of plaintiff's disability, should not be reviewed as trial work or unsuccessful work attempts and that benefits should be denied plaintiff.

Although *Sigmon* espouses the reason for the current regulation that work performed before the application for disability cannot be considered as a trial work period in determining a period of disability, *Sigmon* does not address the issue raised by Jenkins herein.

After the magistrate judge issued his report and recommendation in this case, the Tenth Circuit Court of Appeals addressed the precise question presented here by Jenkins in *Walker v. Secretary of Health and Human Services,* 943 F.2d 1257 (10th Cir. 1991). "The crucial question in this case is whether an individual can be "entitled" to benefits and, therefore, eligible for a trial work period before the individual is adjudged disabled." *Id.,* at 1259. The *Walker* court found that the Seventh Circuit opinion in *McDonald v. Bowen, supra,* correctly answered the question and found that Acquiescence Ruling 88–3(7) (citing So-

cial Sec. Ruling 82–52) is inconsistent with the language of the Act and, therefore, is not entitled to deference.

■ The statutory definition of disabled clearly reads:

An individual shall be considered to be disabled for purposes of [social security benefits] if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or *can be expected to last* for a continuous period of not less than twelve months. 42 U.S.C. 1382(c)(3)(A) (emphasis added).

Accordingly, in the Fifth Circuit Court of Appeals case of *Singletary v. Bowen*,[6] 798 F.2d 818 (5th Cir.1986), the court noted that, by statutory definition, it is the impairment that must be expected to last for a continuous period, not the period of unemployment. *Accord, Kendrick v. Califano*, 460 F.Supp. 561 (E.D.Va.1978).[7] Therefore, the Secretary's premise that the plaintiff must be unable to work for twelve continuous months in order to be adjudicated "disabled" is erroneous. An individual can return to work after five months, yet before an award of benefits, and remain eligible for an award of benefits inasmuch as the return to work can be considered a trial work period and not evidence of the individual's ability to work. *Walker v. Secretary, supra*, at 1259 (citation omitted).

An insured person under the age of sixty-five becomes entitled to benefits if he is disabled, as defined by the statute, he files an application, and has been disabled for a period of at least five months. 42 U.S.C. § 423(a)(1), (c)(2), (d)(1). A trial work period begins with the month in which an individual becomes *entitled* to disability benefits. 20 CFR § 404.1592(e) (emphasis added).

■ Jenkins filed his application in January of 1982 for a period of disability commencing in mid-December of 1981. The waiting period for Jenkins ended May 31, 1982. 42 U.S.C. § 423(a)(1)(D), 423(c)(2)(A); *See e.g., Sanchez v. Schweiker*, 656 F.2d 966 (5 Cir.1981), *cert. denied*, 456 U.S. 943, 102 S.Ct. 2008, 72 L.Ed.2d 465 (1982). If Jenkins met the statutory definition of "disabled", he became *entitled* to benefits as of June 1, 1982, and Jenkins' work attempts prior to the time Jenkins admittedly resumed full time employment must be reviewed under the trial work exception.[8]

Furthermore, if these periods of employment are properly treated under the trial work exception, then the sole fact that Jenkins rendered these services cannot be used to establish that his disability ceased in a month during this period.[9] *McMillen v. Califano*, 443 F.Supp. 1362, 1368 (N.D.N.Y.1978). If Jenkins' began work

---

6. *Singletary* involves a claimant with a mental impairment, which is continuous and expected to last more than twelve months. Singletary was able obtain employment for brief periods when he was symptom-free, but he was unable to hold a job for more than a few months at a time due to the nature of his mental illness.

7. In *Kendrick v. Califano*, the District Court stated:

There are two steps to a finding of "disability": first, a finding of a medically determinable physical or mental impairment which can be expected to result in death or has *lasted or can be expected to last* for a continuous period of at least twelve months; second, a finding that the impairment in fact causes an inability to engage in any substantial gainful activity.

*Kendrick v. Califano*, 460 F.Supp. 561, at 567 (E.D.Va.1978) (emphasis in original; citations omitted).

8. A trial work period ends with the close of whichever of the following calendar months is the earlier: the ninth month, whether or not consecutive, in which an individual has performed services; the month in which new evidence, other than evidence relating to any work done during the trial period, shows that the individual is not disabled, even though the individual has not worked a full nine months; or, if the Secretary finds that the disability has ended at any time during the trial work period if medical or other evidence shows that the individual is no longer disabled. 20 CFR § 404.-1592(e).

9. While "other evidence", i.e., Jenkins' actual ability to perform, may be considered on the issue of plaintiff's disability, the mere fact that he was gainfully employed may not be considered. *See e.g., Walker v. Secretary of Health and Human Services, supra.*

but was forced to stop due to his impairments, generally such periods of work are considered "unsuccessful work attempts" and earnings received for services during such a period will not show an ability to engage in substantial gainful activity. 20 CFR 404.1574(a)(1).

The Secretary has never made a finding as to expected duration of Jenkins' cumulative impairments [10] or whether Jenkins' work effort constituted an actual ability to perform gainful employment. Reviewing the record under § 404.1520(a), it is undisputed that for some period of time Jenkins was not engaged in substantial gainful employment, but the question remains whether Jenkins was unable to work during that period as a result of impairments which were expected to last for at least twelve continuous months. Furthermore, though by Jenkins own admission he is now able to work, without a finding of the expected duration of Jenkins' impairments in the period prior to his work attempt in November and December of 1982, it is impossible to determine whether Jenkins ever had a period of disability within which he was entitled to benefits.

Accordingly, for the reasons herein expressed, this court remands this case to the Secretary to determine whether Jenkins was "disabled" [11] in the period prior to November 1982. If Jenkins was "disabled", the Secretary must determine if Jenkins' periods of employment between June 1, 1982 and December 31, 1986 were "trial work periods" or "unsuccessful work attempts", or, on the other hand, periods of substantial gainful employment, using evidence "other than evidence relating to any work done during the period of trial work." 20 CFR § 404.1592(e). If the Secretary finds that Jenkins was "disabled" and that Jenkins' period of employment were "trial

work periods" or "unsuccessful work attempts", the Secretary should then determine when Jenkins' disability terminated and any period of disability for which Jenkins is entitled to receive benefits.

This matter is remanded to the Secretary for findings consistent herewith.

IT IS SO ORDERED.

---

**10.** Though Jenkins' mental impairment can be expected to last a continuous period of twelve months, the mental impairment alone does not support a presumption of disability under the Listings of Impairments contained in § 12.05(C) Part 404, Subpart P, Appendix 1 of the regulations. Section 12.05(C) requires that Jenkins' mental impairment be accompanied by a physical impairment.

**11.** The statute clearly states that it is the expected duration of claimant's impairment that is the key to a determination of disability. Therefore, the Secretary should review the evidence of claimant's physical impairment to determine whether the impairment was of the nature and the type which would be expected to last for at least twelve continuous months or which in fact lasted twelve continuous months.