8 F.3d 823
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NANCY L. WALLS, Plaintiff-Appellant,
v.
DONNA E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-1560.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 19, 1992.
Decided: October 19, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon.
 C. Randall Lowe, Yeary, Tate, Lowe & Rowlett, P.C., for Appellant.
 E. Montgomery Tucker, United States Attorney, Richard A. Lloret, Assistant United States Attorney, for Appellee.
 W.D.Va.
 AFFIRMED
 Before WIDENER, PHILLIPS, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Nancy Walls appeals the decision of the district court upholding the denial by the Secretary of Health and Human Services of Walls's application for social security disability benefits and supplemental security income benefits upon the finding that Walls was not disabled under the Social Security Act. Because we find the Secretary's decision to be supported by substantial evidence, we affirm.
 
 
 2
 Walls was born on May 24, 1949. She completed the ninth grade, received a GED in 1983, and has taken typing classes, one as recently as 1990. Walls has prior work experience as a sewing machine operator, and she has been self-employed as a cleaning lady in various homes and businesses.
 
 
 3
 At her hearing before an administrative law judge (ALJ) on October 25, 1990, Walls was questioned extensively about her cleaning positions. She stated that she had worked on and off in such jobs since she was eighteen. However, she had been doing this sort of work fairly steadily for roughly the past nine years. At the time of the hearing, Walls was cleaning homes and offices approximately twelve hours each week. She received $15 or $20 per hour for cleaning offices; $6 per hour for cleaning houses. Duties included vacuuming, dusting, emptying trash, and cleaning windows.
 
 
 4
 Walls earned $3757 in 1987 and $2056 in 1988. There was little evidence of her earnings in 1989. She testified that she cut back on her hours in 1988 when she married for the second time and no longer needed as much income. Walls testified that prior to her remarriage she worked more than two days each week, and probably worked between three and four full days each week.
 
 
 5
 The only medical evidence of record was a report from Dr. Luck, who saw Walls for a complaint of shoulder pain in October 1988. He diagnosed tendomyositis and gave Walls a shot. Walls never returned to Dr. Luck, although she claimed that she continued to experience pain in her shoulder and back. She testified that the pain woke her at night, that the pain bothered her on and off, especially if she were performing strenuous work, and that she took mostly over-the-counter pain medication as needed.[1]
 
 
 6
 Walls's daily activities, other than her work, included driving a stick-shift car to and from her jobs, running errands, and visiting her children. She stated that after a few rounds of bowling, she experienced pain.
 
 
 7
 We conclude, on the basis of the evidence of record, that the Secretary's decision is supported by substantial evidence. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Walls earned an average of more than $300 per month in 1987. Under the applicable regulations, this amount of earnings creates a rebuttable presumption that in 1987 Walls was engaged in substantial gainful activity and was not disabled. See Payne v. Sullivan, 946 F.2d 1081, 1083 (4th Cir. 1991); 20 C.F.R. §§ 404.1574(a)(1), (b)(2) (1991).
 
 
 8
 Substantial evidence supports the Secretary's conclusion that Walls did not rebut the presumption that in 1987 she was engaged in substantial gainful activity and so was not disabled. Her work was physically demanding. She was self-employed. There was no evidence that her job performance in any significant way was impaired after the alleged disability onset date. Finally, Walls worked three or four-day weeks in 1987. We conclude that she was not disabled during that year. See Payne v. Sullivan, 946 F.2d at 1083.
 
 
 9
 Similarly, substantial evidence supports the Secretary's conclusion that Walls suffered no significant physical impairment that rendered her disabled in the years after 1987. She continued to perform the same job duties as before. However, she cut back her hours because she remarried and, with her husband's income, she did not need to work as much as before. Her shorter work week, therefore, was not the result of physical impairment.
 
 
 10
 The ALJ correctly discredited Walls's claim of disabling pain. There was no medical evidence of any medical problem other than one instance of tendomyositis, which was treated on one occasion in 1988. The ALJ found that Walls's subjective complaints of aggravating pain were not credible in light of her strenuous work, which included vacuuming and cleaning windows, and her daily activities. See Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985).
 
 
 11
 The Secretary's decision that Walls is not disabled is supported by substantial evidence. We accordingly affirm the decision of the district court.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 She also stated that on occasion she took pain medication that had been prescribed to her mother
 
 
 [2]
 Walls's contention on appeal that the Secretary wrongly denied her request for consultative examinations at the expense of the government is without merit because she made no threshold showing of an impairment that would warrant such examinations. See Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 778 (10th Cir. 1990); Darnell v. Bowen, 631 F. Supp. 96, 98 (W.D. Va. 1986)