John **BLACK**, Plaintiff,

v.

Donna E. **SHALALA**, Secretary of Health and Human Services, Defendant.

Civ. A. No. 3:93–1136.

United States District Court,
S.D. West Virginia.

Dec. 20, 1994.

Rose A. Cyrus, Robinson & Rice, Huntington, WV, for plaintiff.

U.S. Atty., Charleston, WV.

Chief Counsel, Office of Regional Director, Philadelphia, PA.

### ORDER

STAKER, District Judge.

The Court, having received the Findings and Recommendation of the United States

---

Magistrate Judge made pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and having reviewed the record in this proceeding, objections not having been filed by either plaintiff or defendant, hereby ORDERS, for the reasons set forth by the Magistrate Judge, that this case be remanded to the Secretary for further proceedings consistent with the Findings and Recommendation.

The clerk is directed to mail a certified copy of this Order to all counsel of record.

### FINDINGS AND RECOMMENDATION

TAYLOR, United States Magistrate Judge.

In this action, filed under the provisions of 42 U.S.C. § 405(g), plaintiff seeks review of the final decision of the Secretary of Health and Human Services to the extent that decision denied his application for disability insurance benefits for the period prior to March 4, 1992. The case is presently pending before the Court on plaintiff's motion for summary judgment and defendant's response in opposition thereto.

Plaintiff filed his application on March 11, 1992, alleging disability commencing October 5, 1990, as a result of a right shoulder injury. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled. Thereafter, the Appeals Council granted plaintiff's request for review, reversed the administrative law judge's decision, and granted benefits based on its finding that plaintiff became disabled on March 4, 1992, but not before. Plaintiff then timely filed this action seeking review of the Secretary's decision.

At the time of the Appeals Council's decision, plaintiff was sixty-two years of age and had obtained a ninth grade education. His past relevant employment experience consisted of work as a glass blower and blocker at a glass factory. The Appeals Council found, and the medical evidence establishes, that plaintiff suffers from "a severe right rotator cuff tear, and that ·he has hypertension, degenerative arthritis of his right shoulder, shortness of breath, and venous insufficient [sic]. . . ." In its decision, the Appeals Council determined that plaintiff had the residual functional capacity for light level work with some restrictions and that the applicable guideline rule, Rule 202.02,[1] directed a finding of disability. On this basis, it found plaintiff disabled. Taking account of the fact that plaintiff returned to his job at Blenko Glass Co. on August 5, 1991, and continued working until March 3, 1992, and concluding that this work constituted substantial gainful activity precluding a finding of disability prior to March 4, 1992, the Appeals Council further found that plaintiff's entitlement to benefits commenced on March 4, 1992.

Review of the record establishes deficiencies which will require remand for further proceedings. A careful examination of the decision fails to indicate the evidence relied upon by the Appeals Council in support of its finding that the work performed by plaintiff from August of 1991 to March 3, 1992 constituted substantial gainful activity. Unquestionably, this work was gainful, and, in light of plaintiff's earnings, may, presumptively, be substantial.[2] However, the income guidelines, though creating a rebuttable presumption, "do not automatically disqualify a disability claim," and reliance solely on the guidelines to support a finding of no disability is "inappropriate." *Payne v. Sullivan*, 946 F.2d 1081, 1083 (4th Cir.1991). The evidence in this case with regard to the substantial nature of the activities performed by plaintiff is not such as to render an inquiry superfluous. Indeed, the administrative law judge apparently concluded that the work did not constitute substantial gainful activity.[3] Accordingly, on remand, consideration of the factors set forth in 20 C.F.R. § 404.1573 in conjunction with the income guidelines will be required, and findings with respect to the question of whether plaintiff's work constituted substantial gainful activity should "indi-

---

1. 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

2. *See,* 20 C.F.R. § 404.1574(b)(2); *Garnett v. Sullivan,* 905 F.2d 778, 780 n. 1 (4th Cir.1990).

3. While the administrative law judge may have been in error in characterizing the work as an unsuccessful work attempt, a finding to this effect does not resolve the issue of whether the work performed by plaintiff constituted substantial gainful activity.

cate explicitly that all relevant evidence has been weighed and its weight." *Stawls v. Califano,* 596 F.2d 1209, 1213 (4th Cir.1979).[4] Before addressing this issue, the Secretary will need to respond to plaintiff's request to reopen his March 28, 1991 application. A request to reopen was made in the course of plaintiff's appeal of the administrative law judge's decision; however, no mention was made of the request in the decision of the Appeals Council. If the earlier application is reopened, plaintiff's return to work will have occurred subsequent to the filing of his application,[5] and evaluation as a trial work period under 20 C.F.R. § 404.1592 in accordance with the principles set forth in *McDonald v. Bowen,* 818 F.2d 559 (7th Cir.1986) and *Walker v. Secretary,* 943 F.2d 1257, 1260 (10th Cir.1991) will be required.

### *RECOMMENDATION*

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that this case be remanded to the Secretary for further proceedings consistent with these Findings and Recommendation.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert J. Staker, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Staker and this Magistrate Judge.

---

**4.** *See also, Murphy v. Bowen,* 810 F.2d 433, 437 (4th Cir.1987).

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to all counsel of record.

---

**5.** *See, Sigmon v. Califano,* 617 F.2d 41 (4th Cir. 1980).