Rex Eugene LOVE, Plaintiff,

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. ST–C–82–110.**

United States District Court, W.D. North Carolina, Statesville Division.

May 10, 1983.

---

Charles McBrayer Sasser, Legal Services of the Blue Ridge, Boone, N.C., for plaintiff.

Clifford C. Marshall, Asst. U.S. Atty., Asheville, N.C., for defendant.

## MEMORANDUM AND ORDER

POTTER, District Judge.

THIS MATTER coming on to be heard and being heard before the undersigned United States District Court Judge for the Western District of North Carolina on the 25th day of April, 1983 at the United States Courthouse in Statesville, North Carolina, on cross-motions for summary judgment, and the Plaintiff's motion for remand; and,

Mr. Charles McBrayer Sasser, Attorney at Law, having appeared for the Plaintiff, and Mr. Clifford C. Marshall, Attorney at Law, having appeared for the Defendant; and,

The Court, having heard the oral argument of the parties, having reviewed the transcript and memoranda of law submitted, and being of the opinion that the Administrative Law Judge erred in concluding that the Plaintiff had the residual functional capacity to "return" to his "past relevant work" as a cone grader as of May 6, 1978, and that remand of this matter is necessary, enters the following Memorandum and Order:

## DISCUSSION

A claimant for disability benefits, bears the burden of proving a disability. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1502; *Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir.1972). An individual is "disabled" under the statute if "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months" the individual is unable "to engage in substantial gainful activity." 42 U.S.C. § 423(d)(1)(A).

This Court reviews the decision of the Administrative Law Judge for the following determinations:

(1) is the Plaintiff currently engaged in substantial gainful activity;

(2) if not, is there a finding of a severe impairment;

(3) if so, does the impairment meet or equal the "Listings" (20 C.F.R. Part 4, Subpart P, App. 1);

(4) if not, does the impairment or combination of impairments prevent the Plaintiff from performing past relevant work;

(5) if so, what is the Plaintiff's residual functional capacity, taking into consideration the exertional and nonexertional limitations, using the "grids" of 20 C.F.R. Part 4, Subpart P, App. 2, § 200.00, where applicable. *Id.* at § 200.00(d).

The Plaintiff was born June 6, 1939 [Tr. 30], cannot read [Tr. 46], and was "transferred" up through the eighth grade without obtaining passing grades [Tr. 45]. His lowest score on the Wechsler Adult Intelligence Scale, administered on May 28, 1981, was 71 [Tr. 149]. His past relevant work experience includes box machine operator in the poultry industry and card stripper in a textile mill [Tr. 36–39]. There is conflicting evidence on the record regarding the Plaintiff's work as a cone grader [Tr. 47, 48, 85, 97, 98, 101]. He held this position for a total of eight months; three months in between the fifth and the sixth operations and five months in between the sixth and the seventh operations. The Court will consider this work apart from "past relevant work," for reasons more fully discussed later.

On October 22, 1976, the Plaintiff's right hand was caught in the carding machine that he operated as a card stripper, necessitating the amputation of two fingers of that hand and a series of grafts, nerve resections, and neurolyses, over the course of two years [Tr. 112–119, 121, 122, 135, 136, 123, 140, 124, 125, 137–139, 141, 147–148]. The Plaintiff is not presently engaged in substantial gainful activity. [Tr. 33, 145].

The Administrative Law Judge found that: (1) the Plaintiff had impairments of the musculoskeletal system that met Section 1.13 of the Secretary's "Listings" from October 22, 1976 through May 6, 1978, (2) the Plaintiff's past relevant work experience included cone grading, and (3) the Plaintiff, as of May 6, 1978, had the residual functional capacity to perform the job of cone grading. This Court disagrees.

Section 1.13 of the Secretary's "Listings" includes as a category of musculoskeletal impairments

"*Soft tissue injuries of an upper or lower extremity* requiring a series of staged surgical procedures within twelve months after onset for salvage and/or restoration of major function of the extremity, and such major function was not restored or expected to be restored within 12 months after onset.

20 C.F.R. Part 4, Subpart P, App. 1, § 1.13. (Emphasis in original).

Although the Plaintiff's last surgical procedure was not performed until November, 1978 [Tr. 137–139, 147–148], the Administrative Law Judge terminated the applicability of Section 1.13 on May 6, 1978, upon the Plaintiff's return to the cone grading position. The Administrative Law Judge concluded that the Plaintiff's work in this position was substantial gainful activity.

Although the Administrative Law Judge appears to have found that the Plaintiff worked continuously as a cone grader from November, 1977 to October, 1978 [Tr. 15], such finding is not supported by the record. The Administration earlier concluded that the Plaintiff had two separate work periods in the cone grading department: from November 15, 1977 to February 3, 1978 (just under three months) and from May 29, 1978 to October 19, 1978 (just under five months) [Tr. 85–88].

Before his amputation, the Plaintiff had never worked as a cone grader, indeed the textile mill appears to have segregated its jobs by sex and classified cone grading as "a woman's job." Thus, it is highly unlikely that the Plaintiff would have been considered for this job but for his impairment [Tr. 34, 88, 97]. His only experience in cone grading, then, was a total of eight months in between his last series of operations.

"The trial work period is a period during which [a claimant] may test [his] ability to work and still be considered disabled.... During this period, [a claimant] may perform 'services' ... in as many as 9 months, but *these months do not have to be consecutive.* [The Administration] *will not consider* those services as showing that [a claimant's] disability has ended *until* the claimant has performed services *in at least 9 months.* However, *after* the trial work period has ended, [the Administration] will consider the work [the claimant] did during the trial work period in determining whether [the] disability ended at any time *after the trial work period.*

\*     \*     \*     \*     \*     \*

[The trial work period] ends with the close of whichever of the following calendar months is the earlier:

(1) The 9th month ... in which [the claimant has] performed services; or

(2) The month in which new evidence, *other than evidence relating to any work [done] in the trial work period,* shows that [the claimant is] not disabled, even though [he has] not worked a full 9 months."

20 C.F.R. § 404.1592(a), (e). (Emphasis added).

"[The Administration] will find that [a claimant's] disability ended in the earliest of the following months:

(1) The month in which [the claimant's] impairment, as shown by current medical ... evidence, is such that [the claimant] is able to do substantial gainful activity;

(2) The month in which [the claimant] demonstrated [his] ability to engage in substantial gainful activity *following completion of a trial work period;"*

20 C.F.R. § 404.1594(b). (Emphasis added).

■ The Administrative Law Judge erred in failing to allow the Plaintiff a nine month trial work period under Sections 404.1592(a), (e) and 404.1594(b). The Administrative Law Judge based his decision of the Plaintiff's ability to perform substan-tial gainful activity solely on these eight months of employment and not on independent medical evidence [Tr. 15], as did Dr. Jennings [Tr. 132].

■ The Administrative Law Judge also erred by including the cone grading work within the Plaintiff's "past relevant work experience."

" 'Work experience' means skills and abilities ... acquired through work ... done which show the type of work [a claimant] may be expected to do ... [a claimant's] work experience applies when it was done within the last 15 years, lasted long enough for [the claimant] to learn how to do it, *and was substantial gainful activity* .... If [a claimant has] ... worked only "off and on" for brief periods of time ... [the Administration] generally consider[s] that these skills do not apply."

20 C.F.R. § 404.1565(a). (Emphasis added).

First, the Plaintiff's work experience as a cone grader should not be considered "past relevant work" because it was only a trial work period and, under Section 404.1594(b), should not be considered substantial gainful activity. Second, the Plaintiff only performed cone grading for three months prior to the termination of disability; under Section 404.1565(a), this is too brief a period to be considered. Third, even if the position was considered relevant on the issue of disability *after* the trial work period, there was no expert vocational evidence as to the physical requirements of the position. Certainly, if expert vocational testimony had shown that a person with the Plaintiff's impairments could not perform the job, this would prevent the finding that the Plaintiff had the residual functional capacity to "return" to it.

The Plaintiff's trial work period was interrupted by the last surgical procedure in November, 1978. Under the Secretary's "Listings," Section 1.00(C),

*"After maximum benefit from surgical therapy* has been achieved in situations involving ... soft tissue injuries of the ... upper extremity (see 1.13), i.e., there have been no significant changes in physical findings or x-ray findings for any

6-month period after the last definitive surgical procedure, evaluation should be made on the basis of demonstrable residuals."

20 C.F.R. Part 4, Subpart P, App. 1, § 1.00(C). (Emphasis in original).

■ Therefore, the Administrative Law Judge should have based his determination upon the "demonstrable residuals" evident from the medical evidence on record, additional consultative physical capacity evaluations, and the Plaintiff's own testimony. A vocational expert should then have been questioned regarding what jobs, if any, existing in significant numbers in the national economy, the Plaintiff is mentally and physically capable of performing, in light of those demonstrable residuals.

In conclusion, the Court remands this matter to the Administrative Law Judge for the following determinations:

(1) The Plaintiff was entitled to a nine (9) month trial work period. Work performed during this period is neither substantial gainful activity nor past relevant work, but may be considered on the issue of the ability to perform substantial gainful activity *after* the completion of the trial work period, *provided that* vocational expert testimony is given on the physical requirements of the job performed during the trial work period.

(2) Vocational expert testimony must be provided to assist in the determination of the existence of jobs in significant numbers in the national economy, that the Plaintiff is physically and mentally capable of performing.

(3) Additional residual functional capacity evaluations, reflecting consultative examinations, should be obtained to assist in the determination of demonstrable residuals.

IT IS, THEREFORE, ORDERED that:

(1) The Plaintiff's motion for remand of this matter to the Administrative Law Judge for proceedings consistent with this opinion is *GRANTED;*

(2) The cross-motions for summary judgment are *DENIED.*