Argustia LACY, Plaintiff,

v.

Louis SULLIVAN, Secretary of Health and Human Services, Defendant.

Civ. No. 3–91–CV–70122.

United States District Court,
S.D. Iowa,
Davenport Division.

June 15, 1992.

John A. Bowman, Wells, MacNally & Bowman, Davenport, IA, for plaintiff.

Gene Shepard, Christopher D. Hagen, U.S. Atty.'s Office, Des Moines, IA, for defendant.

## DECISION AND ORDER OF REVERSAL AND REMAND TO SECRETARY FOR PARTIAL AWARD OF BENEFITS AND FURTHER PROCEEDINGS

VIETOR, District Judge.

Plaintiff Argustia Lacy seeks judicial review of the Health and Human Services Secretary's decision which denied her disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.* This court may review a final decision of the Secretary. 42 U.S.C. §§ 405(g), 1383(c)(3).

On November 21, 1985, Lacy filed an application for disability insurance benefits, alleging disability since January 20, 1984. On July 10, 1986, the Secretary established her disability status and awarded disability insurance benefits commencing October 25, 1985. On July 29, 1986, Lacy filed an application for SSI benefits, but the Secretary withheld final determination because he discovered Lacy was working.[1] On December 9, 1986, the Secretary reopened the previous decision awarding benefits and revised it to a denial because of Lacy's work from April to November 1986. The Secretary mailed notice of the revised decision to Lacy on January 11, 1987, and on January 18, 1987, the Secretary informed Lacy that she had received an overpayment of $2,848. Lacy did not appeal the revised decision.

In March 1987, Lacy filed new applications for disability insurance and SSI benefits; these were denied on May 7, 1987 without further appeal. Lacy once again filed applications in October 1988; the applications were denied on January 26, 1989, without appeal.

On June 12, 1989, Lacy filed her current application for disability benefits, alleging disability since September 3, 1985; she apparently also filed an application for SSI benefits on that date. The applications were denied initially and upon reconsideration. A hearing was held on September 19, 1990, and the administrative law judge (ALJ) issued his denial on October 22, 1990. The Appeals Council refused to grant review on August 7, 1991. Lacy commenced this proceeding on October 7, 1991.

The ALJ found the following. Lacy met the special earnings requirements of the Act on September 30, 1985, and continued to meet them through September 30, 1989, but not thereafter. Lacy engaged in substantial gainful activity as a companion from April to November 1986, but has not engaged in substantial gainful activity since November 1986. The medical evidence shows that Lacy has severe morbid obesity, decreased intellectual functioning, diabetes mellitus (controlled by diet) with no evidence of end-organ damage, very mild obstructive lung disease, atypical chest pain with a history of arteriosclerotic heart disease, mild osteoarthritis, and history of transient visual obscurations possibly secondary to pseudotumor cerebri. Her impairments, however, do not meet or equal the level of severity listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The testimony of Lacy is essentially credible and the hypothetical question posed to the vocational expert (VE) largely incorporates her allegations regarding functional restrictions. "The contention that these restrictions preclude all work activity cannot, however, be considered credible * * *." Appendix (App.) at 22.

The ALJ also determined that Lacy has the residual functional capacity (RFC) to perform work except for lifting and carrying more than 30 pounds at a time occasionally or 10 pounds frequently, frequent bending, walking farther than three blocks at a time, or work requiring her to understand, remember, and carry out detailed instructions. The ALJ found that plaintiff's impairments do not prevent her from performing her past relevant work as a companion. The ALJ also found that "[n]o evidence has been submitted to warrant the reopening of a prior denial." App. at 23.

---

1. Lacy worked part-time as an in-home "companion" to an elderly woman from April 14, 1986, to November 1986. She received about $300.00 per month for her services.

## DISCUSSION

Plaintiff makes several arguments for reversal: (1) defendant should have granted plaintiff a trial work period for her work as a companion instead of stopping plaintiff's disability; (2) the ALJ erred by relying on testimony by the VE that was not supported by the record, and by refusing to apply the GRID sections and other Social Security rulings and regulations; (3) plaintiff's IQ and other mental problems relate back to her insured period and are disabling; (4) most of plaintiff's denial notices were defective under due process standards, *see Gonzalez v. Sullivan*, 914 F.2d 1197 (9th Cir.1991), and plaintiff's original onset date should be used; and (5) the ALJ made no findings as to the credibility of plaintiff's witness.

■ The standard of review of an ALJ's decision is whether substantial evidence on the record as a whole supports the opinion, and whether the ALJ applied the proper legal standards. *See Brooks v. Sullivan*, 882 F.2d 1375, 1378 (8th Cir.1989).

## Reopening

■ First, I must decide if this court has jurisdiction over the unappealed determinations on Lacy's previous applications. The ALJ in his opinion states that the

> testimony at the hearing indicates that claimant indeed was somewhat confused as to her appeal rights regarding the revision of her allowance to a denial and, for that reason, I find that application of *res judicata* in this case is inappropriate. The entire period at issue will be readjudicated. Nonetheless, in view of the final outcome, there is no reason to reopen any of the prior denials.

App. at 15. Based on the language immediately preceding the last sentence of that quote, I can only surmise that in the last sentence the ALJ was declining to *revise* the prior denials. Because the ALJ did not apply res judicata, and reviewed the evidence for the period covered by the previous determinations, I find that the ALJ effectively reopened the previous denials, and therefore this court has jurisdiction over them. *See Brown v. Sullivan*, 932 F.2d 1243 (8th Cir.1991). Although only the January 1989 denial will be reopened for purposes of SSI benefits, *see* 20 C.F.R. § 416.1488 (for good cause, the Secretary can reopen decisions *two years* from the date of notice of the initial determination), all previous denials of disability insurance benefits are reopened, *see* 20 C.F.R. § 404.-988 (four years from date of notice).

### Trial Work Period

■ A trial work period is "a period during which [a claimant] may test [his or her] ability to work and still be considered disabled." 20 C.F.R. § 404.1592(a). A claimant may be eligible for a trial work period beginning "with the month in which [the claimant] becomes entitled to disability insurance benefits * * *." 42 U.S.C. § 422(c)(3). A trial work period may last as long as *nine months* (whether consecutive or not). 42 U.S.C. § 422(c)(4)(A); 20 C.F.R. § 404.1592(a), (e). The Secretary does not consider the services performed during a trial work period as showing that a claimant's disability has ended during that period, but will consider them in determining whether disability ended at any time after that period. 20 C.F.R. § 404.-1592(a).

### Cessation of Benefits

Lacy's work as a companion began in April 1986, but the Secretary did not discover that she was working until after the July 1986 award of benefits. The Secretary notified Lacy in a letter dated November 13, 1986, that her disability benefits would be terminated because of her work unless she provided additional evidence in support of a different determination. App. at 106–07. The Secretary also noted that Lacy was not eligible for a trial work period because she "returned to work within one year of the onset of [her] disability and [she] returned to work before [Final] Adjudication of [her] claim." App. at 106. The final notice of her termination of benefits, dated January 11, 1987, does not mention the trial work issue. App. at 110.

Lacy argues that her 1986 work should have been considered a trial work period,

and that therefore her benefits were improperly terminated. The ALJ responds to this argument in his opinion, first saying that "this issue is not before [him]," then justifying the Secretary's decision. App. at 16. As discussed earlier, however, the ALJ effectively reopened the entire period including the revision of the allowance to a denial. The issue is properly before this court.

Social Security Ruling (SSR) 82–52 states that when a "return to work demonstrating ability to engage in [substantial gainful activity] occurs before approval of the award and prior to the lapse of the 12–month period after onset, the claim must be denied." Lacy began performing work less than 12 months after the date of onset of disability, and prior to the award of benefits in July 1986. Under SSR 82–52, Lacy's work could not qualify as a trial work period even though it meets all other requirements.

The Seventh Circuit has ruled to the contrary, however, holding that SSR 82–52 contradicts the plain language of the Social Security Act. *See McDonald v. Bowen*, 818 F.2d 559 (7th Cir.1986). The Seventh Circuit reasoned that because a claimant can be disabled by having an impairment that can be *expected to last* for at least 12 months, 42 U.S.C. § 423(d)(1), and can therefore become entitled to disability benefits prior to 12 months after the onset date of disability, a claimant can be eligible for a trial work period prior to 12 months after the onset date, *see* 42 U.S.C. § 422(c)(3) (eligibility begins with the month of entitlement). *McDonald*, 818 F.2d at 563.

The Secretary's Acquiescence Ruling (AR) 88–3(7) has directed that *McDonald* will apply only within the Seventh Circuit, but several courts have arrived at the same conclusion as the Seventh Circuit. *See Walker v. Secretary of Health & Human Servs.*, 943 F.2d 1257, 1260 (10th Cir.1991); *Tepfer v. Secretary of Health & Human Servs.*, 712 F.Supp. 156, 158 (W.D.Ark. 1989); *Martell v. Heckler*, 568 F.Supp. 729, 731 n. 2 (E.D.Pa.1983); *Goldstein v. Harris*, 517 F.Supp. 1314, 1316–17 (S.D.N.Y.

1981); *Campbell v. Califano*, 483 F.Supp. 1306, 1307 (E.D.Pa.1980); *McMillen v. Califano*, 443 F.Supp. 1362, 1367–68 (N.D.N.Y. 1978). I agree with the reasoning in *McDonald* and the other cases.

■ The Secretary found that Lacy became disabled and therefore was entitled to disability insurance benefits as of October 25, 1985. App. at 102. The Secretary evidently found that Lacy's disabling impairment could be expected to last more than 12 months. Lacy's period of work began in April 1986, while she was entitled to benefits, and lasted for only seven months. Lacy's work as a companion in 1986 should have been considered a trial work period. Because the Secretary cannot consider those services as a reason to terminate her disability status during the trial work period, the cessation of benefits was erroneous. I conclude that Lacy was entitled to receive disability insurance benefits from October 25, 1985 through at least November 1986. This conclusion nullifies the notice of overpayment.

*Effect of Services Performed During the Trial Work Period*

■ The ALJ cannot count, as he did in this case, the services Lacy performed during the trial work period as her past relevant work. *See Love v. Heckler*, 564 F.Supp. 195, 198 (W.D.N.C.1983). After the trial work period ended in November 1986, however, the Secretary was entitled to consider the work Lacy did during the trial work period to determine whether her disability ceased at any time *after* the period ended. *See* 20 C.F.R. § 404.1592(a). Therefore, for the period after November 1986, the case will be remanded for consideration of Lacy's trial work services on the issue of ability to perform substantial gainful activity after the trial work period ended. Because the only "past relevant work" that the ALJ found Lacy could perform was the trial work, on remand the burden will shift to the Secretary to show that Lacy has the residual functional capacity to engage in other work.

The ALJ's treatment of the trial work period as past relevant work affects the

denials of both disability insurance benefits and SSI benefits. The determination of SSI benefits on remand, however, will be limited to a period commencing October 13, 1988 (the date of the most recent SSI application covered by the reopening). *See* 20 C.F.R. § 416.335 (no SSI benefits may be paid for months prior to the month of application).

### Other Arguments

Because I remand based on the trial work issue, and the other arguments do not constitute grounds for an outright award of benefits for the period after November 1986, I need not discuss the other arguments.

### DECISION AND ORDER

Because the Secretary did not apply the proper legal standard, the decision of the Secretary is REVERSED and REMANDED to the Secretary. IT IS ORDERED that the Secretary award disability insurance benefits to plaintiff Argustia Lacy commencing on the date of cessation of her benefits and ending November 1986, therefore nullifying the overpayment notice. IT IS FURTHER ORDERED that for the period commencing after November 1986 for disability insurance benefits, and for the period commencing October 13, 1988, for SSI benefits, the Secretary conduct further proceedings and enter a new decision in accordance with this opinion.

This order is a "final judgment" only as to the order to award benefits. (I find that there is no just reason for delaying entry of final judgment.) It is not a "final judgment" as to the issues remanded for further proceedings, and the court retains jurisdiction of this case to entertain further proceedings as necessary, and to enter a final judgment on the remaining issues after further proceedings before the Secretary.