**Hipolito LOPEZ, Jr.**

v.

**Wilbur H. COHEN, Secretary of Health, Education and Welfare.**

**Civ. A. No. 68–H–406.**

United States District Court
S. D. Texas,
Houston Division.

Jan. 24, 1969.

Ernest T. Reich, Cutrer, Jefferson & Reich, Houston, Tex., for plaintiff.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for defendant.

Memorandum and Order

SINGLETON, District Judge.

This is an action under § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) (Supp.1968), to review a final decision of the Secretary of Health, Education, and Welfare, denying plaintiff's applications for disability insurance benefits under Section 223 of the Social Security Act, 42 U.S.C. § 423 (Supp.1968), and for the establishment of a period of disability under Section 216(i) of the same Act, 42 U.S.C. § 416 (i) (Supp.1968). The case is before the Court on cross motions for summary judgment.

Due to the disposition taken in this case, it is not necessary to engage in an extended recitation of the facts developed before the hearing examiner. The hearing examiner has erroneously applied the law to the case at hand. The record shows that plaintiff, during the pendency of his application for disability payments, was receiving "on the job training" under the Vocational Rehabilitation Act, 42 U.S.C. § 422 (Supp.1968). In his decision, the trial examiner takes note of this fact, as follows:

"Also it is clear that the claimant has an emotional overlay called anxiety reaction or neurocirculatory asthenia. This condition causes the claimant to hyperventilate, he has a sense of fatigue, etc. However, it has not prevented him from working, and *he is presently engaged in working a full work week.*" (Tr. 8) (emphasis added).

Section 422(c) (2) of the Vocational Rehabilitation Act provides:

"For purposes of sections 416(i) and 423 of this title, any services rendered by an individual during a period of trial work shall be deemed not to have been rendered by such individual in determining whether his disability has ceased in a month during such period."

Admittedly there is a paucity of cases construing section 422(c) (2), but the plain meaning of the statute is evident. The hearing examiner, in making the disability determination, may not take into consideration, as evidence of the claimant's lack of disability, claimant's participation in the "trial work program." The hearing examiner in the present case did take such "trial work" into consideration.

Therefore, for the above reasons, this cause must be, and it is hereby, remanded

to the Secretary of Health, Education, and Welfare, with instructions to determine the case under the proper legal standards, and it is further ordered that upon remand plaintiff be allowed to submit additional evidence.

The Clerk will send true copies of this Memorandum and Order to the parties and counsel of record.