**Gertrude MARTELL**

v.

**Margaret HECKLER, Secretary of Health and Human Services.**

C.A. No. 82–5269.

United States District Court, E.D. Pennsylvania.

Aug. 11, 1983.

Edwin E. Thompson, Glenside, Pa., for plaintiff.

Serene H. Dobson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This is an action brought pursuant to 42 U.S.C. § 405(g) to review a final decision of

the Secretary of Health and Human Services ("Secretary") denying the claim of plaintiff Gertrude Martell ("Martell") for a period of disability benefits under Title II of the Social Security Act. Martell applied for disability insurance benefits on December 1, 1980 claiming that her disability began on June 15, 1980. The state agency denied her application on January 9, 1981 (Tr. 74) and that determination was affirmed on reconsideration on February 11, 1981. (Tr. 77). Martell appealed this decision and presented her claim *de novo,* without aid of counsel, before an Administrative Law Judge ("ALJ"). On October 21, 1981 the ALJ awarded Martell a period of disability from June 15, 1980 through June 30, 1981. (Tr. 15). The Appeals Council, on its own motion, chose to review the ALJ's decision. (Tr. 105). Martell obtained counsel to handle her case before the Appeals Council. On February 8, 1982 the Appeals Council reversed the ALJ and denied Martell a period of disability. That decision being the final decision of the Secretary, the plaintiff brought a complaint in this court seeking review. This case is before us on cross-motions of the parties for summary judgment. For the reasons that follow we grant the motion of the Secretary and deny that of the plaintiff.

Mrs. Martell worked for A & P Markets for over twenty years. On July 30, 1980 she was admitted to Abington Hospital as the result of a mental breakdown which she believed was caused by pressures exerted on her at work. While in the hospital she was treated for a major depressive disorder with daily psychotherapy and medication. (Tr. 86 and 91). She was released on August 19, 1980 and continued in the care of Dr. Donner, the psychiatrist who originally treated her in Abington Hospital. This treatment was continuing at least up until December 17, 1980, the date on which Dr. Donner submitted an evaluation to the Disability Determination Division describing Martell's condition and listing her prognosis as "guarded." (Tr. 95). The Disability Determination Division also received an evaluation from Martell's family physician, Dr. Pathroff, who last saw her on November 16, 1980. Dr. Pathroff listed Martell's psychological problems and gave her prognosis as "good." (Tr. 98). Martell also suffered from a cancerous condition (lichen sclerosis atrophicus) which was, according to the plaintiff, "dormant" at the time of the hearing before the ALJ on September 9, 1981. (Tr. 29). Martell, however, based her claim of disability on her psychological problems, not her physical ones.

In May, 1981 Martell returned to work with her former employer as a meat wrapper, a position she thought would be less stressful than her previous position as a meat cutter. (Tr. 35). She intended to continue working so that she would become eligible for her pension. (Tr. 39). As of the time of her hearing before the ALJ in September, 1981 she was still working.

The Appeals Council, in denying a period of disability to Martell, found that she returned to substantial gainful activity in May, 1981 and thus did not meet the 12 month durational requirement set out in 42 U.S.C. § 423(d)(1)(A).[1] (Tr. 13).

The scope of review by this court is a narrow one. Title 42 U.S.C. § 405(g) provides that the findings of the Secretary as to any fact shall be conclusive if supported by substantial evidence. Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)); *Smith v. Califano,* 637 F.2d 968, 970 (3d Cir.1981). Accordingly, the sole purpose of this court's review is limited to determining whether, upon consideration of the rec-

---

1. The statute provides:
 (d)(1) The term "disability" means—
 (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; . . . .

ord as a whole, there is substantial evidence to support the Secretary's findings of fact. *Goldman v. Folsom,* 246 F.2d 776, 778 (3d Cir.1957). However, while the reviewing court may not try the case *de novo,* it is similarly prohibited from abdicating its "conventional judicial function" of assuring that administrative conclusions are rational. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 490, 71 S.Ct. 456, 465, 95 L.Ed. 456 (1951); *Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir.1981); *Smith v. Califano,* 637 F.2d 968 (3d Cir.1981).

 There appears to be little dispute as to whether or not Martell was engaged in substantial gainful activity in the twelfth month of her alleged disability. What the Appeals Council makes no finding on and the question raised by the plaintiff is whether that activity was a "period of trial work."[2] In its "Evaluation of the Evidence" the Appeals Council does conclude that "there is nothing in the record that would suggest that the claimant's inability to work was expected to last for a continuous period of at least 12 months." This was supported by substantial evidence. It would appear that *sub silentio* the Appeals Council determined that the plaintiff was not entitled to a trial work period because she was not entitled to disability benefits. Therefore, on the basis of their decision, in spite of their failure to explicitly state that she was not entitled to a period of trial work, we affirm the finding that the plaintiff was not disabled within the meaning of the Social Security Act.

---

**2.** A claimant becomes eligible to a period of trial work when he becomes entitled to disability benefits. Under the statute, 42 U.S.C. § 423(a), a person who is disabled is entitled to disability benefits after a five month waiting period which commences when his disability begins. Thus a person who is disabled should be allowed a trial work period after five months. A person is disabled, under the statute, if he has an impairment which prevents him from working, or can be expected to prevent him from working, for a continuous period of 12 months. *Alexander v. Richardson,* 451 F.2d 1185 (10th Cir.), *cert. denied,* 407 U.S. 911, 92 S.Ct. 2437, 32 L.Ed.2d 685 (1971). The trial work period does not require that the claimant actually be receiving disability benefits at the time he engages in trial work. *McMillen v. Califano,* 443 F.Supp. 1362 (N.D.N.Y.1978); *Lopez v. Cohen,* 295 F.Supp. 923 (S.D.Tex.1969). It is only necessary that the claimant be "entitled to disability benefits."