Billy D. WALKER, Plaintiff–Appellant,

v.

SECRETARY OF HEALTH & HUMAN SERVICES, Defendant–Appellee.

No. 90–2241.

United States Court of Appeals, Tenth Circuit.

Sept. 5, 1991.

Gary J. Martone, Albuquerque, N.M., for plaintiff-appellant.

William J. Lutz, U.S. Atty., Ronald F. Ross, Asst. U.S. Atty., Albuquerque, N.M., Gayla Fuller, Chief Counsel, Region VI, Karen J. Sharp, Chief, Social Security Branch, and Randal S. Finch, Asst. Regional Counsel, U.S. Dept. of Health and Human Services, Dallas, Tex., for defendant-appellee.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.

LOGAN, Circuit Judge.

Billy D. Walker appeals from an order of the district court affirming the Secretary of Health and Human Services' determination that he is not entitled to disability insurance benefits or supplemental security income benefits under the Social Security Act (the Act), 42 U.S.C. §§ 423(a), 1381a. The Secretary's determination was based on Walker's employment at the time of his hearing. Walker argues that he is entitled to a trial work period under the Act and that he was engaged in such trial work. We limit our review to his claim for disability insurance benefits, because under statutory amendments made by the Employment Opportunities for Disabled Americans Act, Pub.L. No. 99-643, 100 Stat. 3574 (1986), effective July 1, 1987, trial work provisions no longer apply to claims for supplemental security income benefits.[1] Walker neither addresses these amendments nor offers any arguments for the recognition of a trial work period for the supplemental security income program under the current statutory language.[2]

Walker applied for benefits on October 2, 1987, alleging disability since February 1987, due to degenerative disc disease and ulcers. The applications were denied initially and on reconsideration. Walker then sought review by an administrative law judge (ALJ).

While awaiting a hearing before an ALJ, Walker returned, in April 1988, to his work as a truck driver out of economic necessity. Walker's previous employer would not rehire him, but Walker found a job with another employer, who permitted him to work his own hours and take time off as his medical condition required.[3] He was still employed as a truck driver at the time of his hearing on September 27, 1988. At the hearing, Walker testified that he planned to continue working as a truck driver for as long as he could.

The ALJ, in determining that Walker was not disabled, denied benefits at the first step of the five-step sequential process set forth by the Social Security Administration to evaluate disability claims. *See* 20 C.F.R. § 404.1520. Specifically, the ALJ found that Walker had engaged in substantial gainful activity since April 1988 by virtue of his work as a truck driver. The Appeals Council denied Walker's motion for reconsideration, and the Secretary's de-

---

1. Individuals who previously qualified for a trial work period now apparently automatically qualify for special benefits under 42 U.S.C. § 1382h. Walker has not raised before us his eligibility for such benefits, so we will not address his supplemental security income benefits claim. *See Snell v. Tunnell,* 920 F.2d 673, 676 (10th Cir.1990) (appellate court will not reach out and decide nonjurisdictional issue not raised by appealing party), *cert. denied,* — U.S. ——, 111 S.Ct. 1622, 113 L.Ed.2d 719 (1991).

2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

3. Walker testified that several times his employer had to drive him back to town when Walker could not complete a haul. Adm. R. at 32.

cision then became final. Walker filed a timely motion for review of the Secretary's decision in accordance with 42 U.S.C. § 405(g). The district court affirmed the Secretary's decision, and this appeal followed.

Walker argues on appeal that despite his return to work as a truck driver in April 1988, he was still disabled as defined by the Act. According to Walker, his work as a truck driver constituted a trial work period which should not have been considered by the Secretary in determining his eligibility for benefits. The Secretary contends that a trial work period applies only after a claimant has been adjudged disabled, and because Walker was not adjudged disabled before his return to work as a truck driver, such work could be considered in assessing his eligibility for benefits. We review whether the Secretary applied the correct legal standards. *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir.1988).

A trial work period is designed to enable an individual to test his or her ability to return to work without losing disability insurance benefits. 20 C.F.R. § 404.-1592(a). Under the Act, "any services rendered by an individual during a period of trial work shall be deemed not to have been rendered by such individual in determining whether his disability has ceased in a month during such period." 42 U.S.C. § 422(c)(2). "A period of trial work ... shall begin with the month in which [the claimant] becomes *entitled* to disability insurance benefits." 42 U.S.C. § 422(c)(3) (emphasis added). A trial work period ends with the ninth month in which services are performed or, if earlier, with the month in which disability ceases. 42 U.S.C. § 422(c)(4)(A) & (B).

Under the precise language of the Act, entitlement to disability insurance benefits triggers a trial work period. Thus, the crucial question in this case is whether an individual can be "entitled" to benefits and, therefore, eligible for a trial work period before the individual is adjudged disabled and is actually receiving benefits. The district court, in affirming the ALJ's decision that a trial work period was not available

to Walker for his work activity as a truck driver, cited the Sixth Circuit's decision in *Mullis v. Bowen,* 861 F.2d 991, 993 (6th Cir.1988) ("a 'trial work period' only applies after a person has been adjudged disabled"). On appeal, Walker urges that we look to the ruling of the Seventh Circuit in *McDonald v. Bowen,* 818 F.2d 559 (7th Cir.1986). In *McDonald,* the court, construing the precise language of the Act, held that "[w]hen an individual has been disabled for five consecutive months and suffers from an impairment which can be expected to last for a continuous period of twelve months, that person is *entitled* to disability benefits." *Id.* at 563 (emphasis added). Therefore, according to the court, an individual can return to work after a period of five months, yet before an award of benefits, and still be eligible for an award inasmuch as the return to work can be considered a trial work period and not evidence of the individual's capabilities. *Id.* at 563–64.

We note that the Social Security Administration, in Acquiescence Ruling 88–3(7), has directed that the holding in *McDonald* is to apply only within the Seventh Circuit. According to the Social Security Administration, *McDonald* is inconsistent with its policy that if an individual returns to work after a five-month waiting period, yet before twelve months from the onset of the injury, and before an award of disability benefits, the work activity may be considered as evidence of the individual's ability to engage in substantial gainful activity within the twelve-month period following the onset of injury. *See* Acquiescence Ruling 88–3(7) (citing Social Sec. Ruling 82–52).

■ Although Social Security rulings, like Acquiescence Ruling 88–3(7), do not have the force and effect of law, *see Paxton v. Secretary of Health & Human Servs.,* 856 F.2d 1352, 1356 (9th Cir.1988), they constitute Social Security Administration interpretations of its own regulations and the statute which it administers, *see Quang Van Han v. Bowen,* 882 F.2d 1453, 1457 (9th Cir.1989). Accordingly, Social Security rulings are entitled to deference ex-

cept when they are plainly erroneous or inconsistent with the Act. *Id.*

■ In our view, the Social Security Administration's rejection of the Seventh Circuit's position in *McDonald* is inconsistent with the language of the Act and, therefore, Acquiescence Ruling 88–3(7) is entitled to no deference. Under the Act, every insured individual under the age of sixty-five is entitled to disability insurance benefits if that individual has filed an application for benefits and has been under a disability as defined in the Act for a period of five consecutive months. *See* 42 U.S.C. § 423(a)(1) & (c)(2). The Act defines disability as an impairment "which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1). As the court in *McDonald* held, a fair reading of the Act indicates that an individual who suffers from an impairment that has lasted, or is expected to last, twelve months is entitled to disability insurance benefits, as well as a trial work period, after waiting five months. *See McDonald,* 818 F.2d at 563–64. Contrary to the Secretary's position, the language of the Act does not suggest that an individual has to be adjudged disabled and actually receiving benefits to be entitled to a trial work period.

A number of district courts that have considered this issue have reached the same conclusion. *See, e.g., Tepfer v. Secretary of Health & Human Servs.,* 712 F.Supp. 156, 158–159 (W.D.Ark.1989); *Martell v. Heckler,* 568 F.Supp. 729, 731 n. 2 (E.D.Pa.1983); *Goldstein v. Harris,* 517 F.Supp. 1314, 1316–17 (S.D.N.Y.1981); *Campbell v. Califano,* 483 F.Supp. 1306, 1307 (E.D.Pa.1980); *McMillen v. Califano,* 443 F.Supp. 1362, 1367–68 (N.D.N.Y.1978); *see also* 3 *Social Security: Law and Practice,* § 45.86 at 66 (1987) (criticizing the Secretary's position). Like the court in *McDonald,* these district courts also relied on the plain language of the Act. *Tepfer,* 712 F.Supp. at 158–59 (citing *McDonald); Martell,* 568 F.Supp. at 731 n. 2; *Goldstein,* 517 F.Supp. at 1316–17; *Campbell,* 483 F.Supp. at 1307; *McMillen,* 443 F.Supp. at 1367.

We have sympathy for what the Secretary seeks, a "straightforward" approach that is "easy to administer," *McDonald,* 818 F.2d at 564, but the Secretary's position is not in accordance with the plain language of the Act. Neither is the Secretary's approach consistent with the Act's attempt "to strike a balance between paying benefits to people who are disabled and encouraging them to return to work as soon as physically possible." *Id.* Applying the plain language in its ordinary sense, as the *McDonald* court did, encourages persons to return to work as soon as possible by allowing them to test their ability to work without penalty.

Because the Secretary and the district court erred in not considering Walker's trial work period argument, we must VACATE the judgment of the district court and REMAND the case to the Secretary. The Secretary will have to determine whether Walker's work, beginning April 1988 and thereafter, actually constituted a trial work period as Walker claims. To make this determination, the Secretary must decide whether Walker was disabled, as defined in the Act, for five consecutive months before he commenced work in April 1988. If Walker was eligible for a trial work period at the time he commenced work in April 1988, then his work for nine months thereafter cannot be considered in determining his eligibility for disability insurance benefits. In that event, the Secretary presumably will also determine whether Walker's "disability ... ended at [some] time during the trial work period if the medical or other evidence shows that [Walker was] no longer disabled." 20 C.F.R. § 404.1592(e)(2).

VACATED and REMANDED for further proceedings consistent herewith.