972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Zack D. McDANIEL, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-5188.
 United States Court of Appeals, Tenth Circuit.
 July 31, 1992.
 
 1
 Before LOGAN and EBEL, Circuit Judges, and SAFFELS,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DALE E. SAFFELS, Senior District Judge, Sitting by Designation.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Claimant brought this action under 42 U.S.C. § 405(g) after the Secretary of Health and Human Services (Secretary) denied his application for Social Security disability benefits under the Social Security Act, 42 U.S.C. § 423(a). Claimant filed a fourth application[1] for disability benefits on January 22, 1985, alleging disability since June 15, 1979, due to pain in his back and legs. The application was denied initially and on reconsideration. After a hearing, the administrative law judge (ALJ) denied benefits. Claimant appealed to the district court which remanded for further proceedings on the issue of Claimant's pain, and directed the ALJ to receive evidence from a vocational expert. The district court also determined that the ALJ had made a de facto reopening of Claimant's second application. On remand, the ALJ denied benefits, the Appeals Council modified and affirmed the ALJ's denial, and the district court affirmed the Secretary's decision. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 6
 The ALJ determined that Claimant was not entitled to a trial work period; therefore, he was not eligible for benefits during his employment from October 1978 through July 1979. The ALJ further determined that although Claimant could not return to his past relevant work, he retained the residual functional capacity for a full range of sedentary work. On appeal, Claimant alleges (1) the ALJ failed to afford him a de facto hearing on remand, and therefore failed to apply the correct legal standards; (2) the ALJ erred in determining Claimant's period of employment was not a trial work period; and (3) the Secretary's decision is not supported by substantial evidence.
 
 
 7
 The parties do not dispute the ALJ's determination that Claimant's date last insured was September 30, 1983. Therefore, his eligibility for disability benefits must have been established before that date. See 20 C.F.R. § 404.130. Further, the parties agree Claimant worked as a deputy sheriff from October of 1978 through July of 1979.
 
 
 8
 I. DE FACTO REOPENING OF PRIOR DECISION.
 
 
 9
 Claimant asserts that the ALJ failed to treat the hearing after remand as a de facto reopening of the previous hearing, and therefore applied the incorrect legal standards. One of our functions on review is to determine whether the Secretary applied the correct legal standards. See Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1497-98 (10th Cir.1992).
 
 
 10
 The magistrate judge concluded the ALJ had de facto reopened the proceedings on the second application by considering all of the medical evidence in Claimant's file. Even though the ALJ's Finding 14 stated, "There are no grounds on which to reopen and revise the reconsidered determination ...," Aplt.App. vol. II at 409, any error in ALJ's Finding 14 was corrected by the Appeals Counsel who modified Finding 14 as follows: "14. The District Court has held that the prior determination has been reopened on a de facto basis." Id. at 386. See Williams v. Bowen, 844 F.2d 748, 749 n. 1 (10th Cir.1988) ("The Appeals Council may 'adopt, modify, or reject' an ALJ's recommended decision." (quoting 20 C.F.R. § 404.979)). The Appeals Council's decision is the final decision of the Secretary for purposes of further appeal. Williams, 844 F.2d at 749.
 
 
 11
 Moreover, the record reflects that the ALJ did not dispose of Claimant's second application on the basis of res judicata. Rather, the ALJ again considered all of the evidence in Claimant's file. The ALJ also considered additional testimony and exhibits, and reviewed the case on the merits. In due course, the district court "tested the decision of the Secretary in the traditional manner, i.e., by determining whether the findings are supported by substantial evidence and by determining whether the decision was in accord with applicable law and regulations." Taylor ex rel. Peck v. Heckler, 738 F.2d 1112, 1115 (10th Cir.1984). Because the ALJ's finding was based on all the evidence, and because the district court fully reviewed the Secretary's decision, Claimant received the consideration he requested.[2] Hence, we perceive no error.
 
 
 12
 II. TRIAL WORK PERIOD.
 
 
 13
 Claimant asserts error in the district court's conclusion that his employment as a deputy sheriff negated the determination that he was disabled. According to Claimant, his work as a deputy sheriff from October 1978 through July 1979 was a trial work period, as permitted by 20 C.F.R. § 404.1592.
 
 
 14
 Section 404.1592(d)(2)(ii), however, disallows a trial work period for one who is "receiving disability insurance benefits in a second period of disability for which [he] did not have to complete a waiting period." Claimant was receiving disability insurance benefits commencing July 25, 1977, in a second period of disability. Furthermore, Claimant testified that he was receiving disability benefits during the time he was employed as a deputy sheriff.
 
 
 15
 Claimant was not required to complete a waiting period because he was previously entitled to disability benefits from September 12, 1974, to April 30, 1976, which was within five years of the month he claims he again became disabled. See 20 C.F.R. § 404.315(d). His second application filed August 24, 1977, alleges disability since August 12, 1974; his most recent application filed January 22, 1985, alleges disability since June 15, 1979. Therefore, because Claimant was receiving disability benefits in a second period of disability for which he did not have to complete a waiting period, he was ineligible for a trial work period.[3]
 
 
 16
 Cancellation of benefits was based on Claimant's working, not on his physical or mental condition. Therefore, the issue of medical improvement was irrelevant. Cf. Byron v. Heckler, 742 F.2d 1232, 1236 (10th Cir.1984) (once having found claimant disabled, Secretary may not terminate benefits absent a showing that claimant's condition has improved). Claimant concedes that if he was not entitled to a trial work period, the question of medical improvement does not arise. See Appellant's Br. at 26.
 
 
 17
 Also unavailing is Claimant's argument that he relied on the advice of an anonymous employee of a "social security and unemployment office[ ]," Aplt.App. vol. II at 444, that his employment was a trial work period. He was required to inform the Social Security Administration if he went to work. See 20 C.F.R. §§ 404.1588(b) (one entitled to disability benefits should report if he returns to work); 404.1596(b)(1)(iv) (benefits will be suspended before making a determination when applicant is not entitled to a trial work period and is working). Additionally, Claimant agreed to inform the Social Security Administration if he went to work.
 
 
 18
 A claimant's reliance on a government employee's erroneous advice does not give rise to an estoppel against the government to require payment of public funds. Office of Personnel Management v. Richmond, 496 U.S. 414, 434 (1990); Downtown Medical Ctr./Comprehensive Health Care Clinic v. Bowen, 944 F.2d 756, 771 (10th Cir.1991). Consequently, even assuming Claimant received erroneous information that he could work and receive disability benefits, he was not entitled to receive disability benefits.
 
 
 19
 III. SUBSTANTIAL EVIDENCE TO SUPPORT SECRETARY'S DECISION.
 
 
 20
 As a preliminary matter, we reject the Secretary's argument that the issue of substantial evidence was raised for the first time on appeal. The magistrate judge reviewed the case for "substantial evidence in the record to support the final decision of the Secretary that [Claimant was] not disabled within the meaning of the Social Security Act." Aplt.App. vol. I at 14. Accordingly, we will address the issue of substantial evidence.
 
 
 21
 Because we have determined Claimant was not eligible for a trial work period, the sole remaining inquiry is whether he was disabled after he quit work on July 31, 1979, and before his eligibility expired on September 30, 1983. The ALJ concluded Claimant could not return to his past relevant work, but retained the residual functional capacity to perform a full range of sedentary work.
 
 
 22
 We review the Secretary's decision "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). After carefully reviewing the record, we conclude the district court's finding that Claimant was not disabled either during Claimant's employment as a deputy sheriff or thereafter as of the expiration of his insured status on September 30, 1983, was not clearly erroneous.
 
 
 23
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Claimant's three previous applications for benefits were resolved as follows: (1) on April 21, 1976, Claimant was determined to be disabled, and was awarded a closed period of disability from September 12, 1974, through February 2, 1976; (2) on December 26, 1978, Claimant was determined to have been disabled as of July 25, 1977, but because he had not informed the Social Security Administration that he was gainfully employed from October 1978 through July 1979, disability benefits were canceled effective October 1978; (3) an application for disability benefits was denied
 
 
 [2]
 Any error caused by a failure to apprise Claimant of his appeal rights following the denial of his second application was cured by the reopening of those proceedings, including plenary consideration by the ALJ, and a review on the merits by the district court
 
 
 [3]
 The district court's alternative ground for affirming the denial of benefits was Claimant was not actually adjudicated disabled by the ALJ until December 26, 1978. So long as an individual is entitled to disability benefits at the time he begins work, he is not necessarily disqualified from a trial work period under 20 C.F.R. § 404.1592 simply because he is working. Walker v. Secretary of Health & Human Servs., 943 F.2d 1257, 1259-60 (10th Cir.1991). We note the district court may not have had the benefit of the Walker decision at the time of its order