Gail L. Anderson–Kilgore, Detroit, for plaintiff.

Robert W. Haviland, Asst. U.S. Atty., Flint, for defendant.

### Arthur CRAWFORD, III

v.

### SECRETARY OF HEALTH AND HUMAN SERVICES.

Civ. No. 92–CV–40221–FL.

United States District Court,
E.D. Michigan,
S.D. Flint.

Jan. 26, 1993.

## *JUDGMENT*

NEWBLATT, District Judge.

The Court has reviewed the file, the Magistrate Judge's Report and Recommendation, and any timely objections filed thereto. The Report and Recommendation of the Magistrate Judge is hereby accepted and adopted as the findings and conclusions of the Court.

Now, therefore, **IT IS ORDERED and ADJUDGED** that the Motion for Summary Judgment of Plaintiff is **DENIED**, the Motion for Summary Judgment of Defendant is **GRANTED** and that Judgment is entered for the defendant Secretary.

## *REPORT AND RECOMMENDATION*

GOLDMAN, United States Magistrate Judge.

### I.  *RECOMMENDATION*

It is recommended that the Court deny plaintiff's Motion for Summary Judgment, grant defendant's Motion for Summary Judgment, and enter judgment for the defendant Secretary.

### II.  *PROCEDURAL HISTORY*

This is an action for judicial review of the defendant Secretary's final decision denying

plaintiff's application for disability insurance benefits. Plaintiff has been granted disability benefits at least five times over the past fifteen years because of mental illness. The first period of disability was between May 27, 1975 to April 30, 1978,[1] based on a September 26, 1975 application (TR 67). Plaintiff received benefits for his second period of disability, based on a July 18, 1978 application (TR 117), beginning May 1, 1978 and continuing to May 1981.[2]

Plaintiff filed a third application for benefits on March 25, 1982 (TR 244) which proceeded to a hearing before an Administrative Law Judge [ALJ]. At issue was whether plaintiff's disability had ceased in May 1981 because plaintiff had engaged in full-time unrestricted work. In a decision issued on December 12, 1983 (TR 348–56), ALJ Robert Bartelt found that plaintiff had engaged in substantial gainful activity from July, 1981 to December 27, 1981. He further found that plaintiff was not entitled to a trial work period during that time because he was in his second period of disability and had previously completed a waiting period before receiving benefits.

The ALJ found that from December 27, 1981 to October 19, 1983, plaintiff could not perform his past relevant work or any other work and was disabled. According to ALJ Bartelt's decision, plaintiff's disability ceased as of October 19, 1983 because he was able to engage in substantial work activity. Benefits were paid through December 1983.

Plaintiff filed a fourth application for disability benefits on June 8, 1984 (TR 363), alleging that he had become disabled due to a nervous condition. Plaintiff was again awarded benefits beginning January 1, 1984 (TR 368, 372).

Plaintiff's benefits were terminated on September 31, 1985, because he had returned to full-time work in July, 1985 (TR 372–73). The SSA denied plaintiff's request for reconsideration of the termination (TR 407) and plaintiff filed a request for a hearing on April 14, 1986 on the issue of whether he was entitled to benefits while he was working in 1985 and 1986. Plaintiff contended that the period was a trial work period within the meaning of the Act, during which he could test his ability to work while still receiving disability benefits (TR 409). The file was misplaced and no hearing was ever held on this issue.

Meanwhile, plaintiff filed a fifth application for disability benefits and an application for SSI benefits on July 3, 1986 (TR 411, 415). Plaintiff was awarded both disability and SSI benefits beginning in December 1986 (TR 435).

In a letter dated April 18, 1988, plaintiff advised the SSA that he had yet to receive a decision concerning his request for reconsideration on the issue of whether he was entitled to a trial work period for 1985–1986 (TR 446). On October 31, 1988, plaintiff filed a new request for hearing on that issue (TR 449). On May 30, 1989, ALJ Joseph Delaney issued an Order dismissing plaintiff's October 1988 request for hearing because the ALJ believed it involved the same facts and issues that were decided in the final decision of ALJ Bartelt on December 12, 1983 (TR 34–35). However, in an Order dated August 30, 1990, the Appeals Council remanded the matter back to the ALJ in order to conduct a hearing to consider whether plaintiff was entitled to a trial work period in 1985 and 1986, since this issue was not decided in ALJ Bartelt's decision (TR 19–20).

A *de novo* hearing was held on June 4, 1991 before ALJ Robert Stalker (TR 43–61). In a decision dated August 26, 1991, the ALJ found that plaintiff was not entitled to a trial work period for the work he engaged in between June 1985 and June 1986 (TR 11–14). The Appeals Council denied review and plaintiff commenced this action for judicial review.

The following events led the SSA to terminate plaintiff's disability benefits in September 1985. On July 8, 1985, plaintiff began. working twenty four hours per week at

---

1. It was found that plaintiff's disability ceased on April 30, 1978 and that he was no longer entitled to benefits because he had gone back to work.

2. In May, 1981, plaintiff was found to be engaged in full-time unrestricted work and was therefore no longer entitled to disability benefits.

American Detective and Security Guard, earning $3.35 an hour (TR 386, 484). Two months later, he was terminated from the job (TR 395). Plaintiff then began working for Harold Security Company on September 24, 1985. He worked approximately forty hours a week, earning $3.35 an hour. In January 1986, while he was still employed as a security guard, plaintiff began a second job as an orderly at Heritage Manor, a nursing home (TR 412). For six months, plaintiff worked up to eighty hours a week. Typically, plaintiff worked the midnight shift as a security guard for Harold Security, and then worked all day at the nursing home (TR 51, 496). During this period of time, plaintiff was taking Navane and Prolixan to treat his mental illness (TR 51, 55). Plaintiff quit both jobs on June 24, 1986, because his medication made him slow and the stress of the jobs was beginning to make him feel paranoid and suicidal (TR 53, 484). He reapplied for disability benefits on July 3, 1986, and was granted benefits as of July 1, 1986 because of his mental illness. The disability examiner determined that plaintiff was suffering severe symptoms of schizophrenia (TR 427).

## III. *REPORT*

As stated above, the SSA terminated plaintiff's disability benefits in September 1985, after plaintiff notified the agency of his job at American Detective and Security (TR 386). The agency determined that plaintiff was performing substantial gainful work in July 1985, and as a result, plaintiff's disability benefit payments were stopped after September 1985 [3] (TR 385). Plaintiff contends that he was entitled to social security benefits throughout 1985 and 1986, since this span of employment was a "trial work period" during which he was "testing his ability to work." 20 C.F.R. § 404.1592. Respondent

argues that plaintiff was not entitled to a trial period and his benefits were properly terminated.

Section 222(c) of the Social Security Act allows a trial work period for individuals entitled to disability benefits. 42 U.S.C. § 422(c). The trial period is an interval of up to nine months during which an individual can test their ability to work full time, without losing their disabled status. 20 C.F.R. § 404.1592(a); *See Walker v. Secretary of Health & Human Services*, 943 F.2d 1257 (10th Cir.1991). 20 C.F.R. § 404.1592(e) states that the trial work period begins once a disability beneficiary becomes entitled to benefits. Since first-time disability applicants must go through a "waiting period" of five months after their disability onset before they become entitled to benefits, the trial work period for first-time applicants ordinarily starts five months after the onset of the disability, on the date that they are first entitled to benefits.[4] 42 U.S.C. § 423(a)(1)(i) and (c)(2).

The rules are different for "second-time claimants," or claimants who are applying for disability benefits within five years of a previous decision entitling them to benefits. An applicant who was granted benefits within the preceding five-year period is not required to go through the five-month waiting period, and becomes entitled to benefits immediately in the first full month following the onset of the disability. 42 U.S.C. § 423(a)(1)(ii). Thus, plaintiff, who was filing his second application in a five year period, and his fourth application overall, was entitled to benefits beginning in January 1984 since he demonstrated that he was disabled immediately prior to that full month. Plaintiff was not subject to a waiting period and the record indicates that plaintiff's payments began

**3.** Under 42 U.S.C. § 423(e)(1), benefits are no longer payable after the third month following the month in which an individual engages in substantial gainful activity which terminates their right to disability benefits.

**4.** In 42 U.S.C. § 423(c)(2), the "waiting period," which is required under § 423(a)(1)(i), is defined as "the earliest period of five consecutive calendar months ... throughout which the individual ... has been under a disability." The courts

have offered differing opinions of when an individual becomes eligible for the trial work period, but the split in opinion on this issue is not relevant to this case. *Compare Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir.1988) ["trial work period" eligibility begins only after a person has been adjudged disabled] *with Walker v. Secretary of Health and Human Services*, 943 F.2d 1257, 1259 (10th Cir.1991) [eligible for trial period five months after onset, yet before award of benefits].

immediately in January, without a five month wait.

The applicability of the five-month waiting period is important because it determines whether a disability claimant is then entitled to a nine month period of trial work, during which time they can engage in employment without losing their benefits. Under 20 C.F.R. § 404.1592(d)(2)(ii), a disability beneficiary is not entitled to a trial work period if they "are receiving disability benefits in a second period of disability for which [they] did not have to complete a waiting period." Thus, since a second-time disability applicant ordinarily will be entitled to benefits immediately without completing a waiting period, they will not be entitled to a period of trial work after they become eligible for benefits. This subsection plainly states that a second-time beneficiary, who was not required to wait for benefits, is not entitled to a period of trial work.

Plaintiff was on his second disability period within five years [and his fourth overall within five years] when he began his employment as a security guard. Because the fourth application closely followed his third application, plaintiff was not required to complete a waiting period before receiving benefits. In fact, under the fourth application, plaintiff received benefits beginning January 1984, less than three months after his benefits under the third application had stopped. Because plaintiff was receiving benefits for a second period of disability for which he did not complete a waiting period, I find that he was not entitled to a period of trial work in 1985.

Accordingly, I find that the Secretary's final decision is substantially supported. I therefore respectfully recommend that the court deny plaintiff's motion for summary judgment, grant defendant's motion for summary judgment, and enter judgment for the defendant Secretary.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation they may serve and file specific, written objections to the proposed findings and recommendations.

Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

Date:   December 18, 1992