FILED
United States Court of Appeals
Tenth Circuit

September 14, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHARON M. SMITH,

    Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,

    Defendant - Appellee.

No. 15-6001
(D.C. No. 5:13-CV-01159-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

    Sharon M. Smith appeals from the district court's order denying her

application for Social Security disability benefits and supplemental security income

benefits.  Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we

affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Ms. Smith's April 2011 application for benefits alleged an onset date in March 2007, when she was 28 years old. She worked previously as a cashier and carhop.

After the administrative denial of her claims, Ms. Smith requested a hearing before an administrative law judge (ALJ), but the ALJ concluded that she was not disabled and the Appeals Council denied review. Represented by counsel, she then sought relief from the district court, which adopted the magistrate judge's report and recommendation (R&R) that the Commissioner's decision be affirmed.

At step two of the five-step sequential evaluation process, the ALJ found that Ms. Smith had the following severe impairments: (1) degenerative disc disease of the lumbar spine (post surgery); (2) degenerative joint disease of the right knee (post surgery); (3) obesity; and (4) hypertension. The ALJ also evaluated Ms. Smith's affective disorder of depression and found that it was not severe because it resulted in only mild functional limitations.

It is the ALJ's findings at step four that are at issue on appeal. At step four the ALJ found that Ms. Smith had the residual functional capacity (RFC) to perform work at the light exertional level involving lifting or carrying 20 pounds occasionally and 10 pounds frequently, standing or walking 6 hours in an 8-hour workday, sitting for 6 hours in an 8-hour workday, and requiring no more than occasional crouching or kneeling. The ALJ also considered Ms. Smith's testimony about disabling pain and found that it was not entirely credible. On the basis of the vocational expert's

testimony, the ALJ found at step five that Ms. Smith was capable of performing work available in the economy and therefore was not disabled.

## II.  Discussion

Because we review de novo the district court's ruling in a social security case, "we independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks omitted).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Id*. (internal quotation marks omitted).  "[W]e neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

Ms. Smith's overarching argument is that the ALJ erred in formulating her RFC.  She contends that the ALJ did not properly evaluate her obesity, credibility, and depression.  We conclude (1) that the ALJ's decisions on obesity and credibility are free from legal error and supported by substantial evidence, and (2) that Ms. Smith waived her arguments regarding depression.

### A.  Obesity

"The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms."  SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).  Although the ALJ is required to consider the effects of

3

obesity when assessing the claimant's RFC, *see* SSR 02-1p, 2002 WL 34686281, at *1 (Sept. 12, 2002), the ALJ may "not make assumptions about the severity or functional effects of obesity combined with other impairments" but instead must "evaluate each case based on the information in the case record," *id*. at *6.[1]

Ms. Smith acknowledges that the ALJ found her obesity to be a severe impairment, but argues that he failed to properly consider its effects in formulating her RFC. For example, she argues that the "synergistic effect [of obesity] *can* result in a RFC for less than sedentary work." Aplt. Opening Br. at 17 (emphasis added). As noted above, however, an ALJ cannot *assume* a functional deficit.

Ms. Smith also says that "other than noting [her] obesity was a severe impairment, the ALJ never analyzed or discussed [her] obesity, including in his RFC analysis." *Id*. at 13. We take this to mean that for each piece of evidence the ALJ discussed in formulating her RFC (and there were several), he was also required to note the absence of any evidence that her obesity resulted in additional functional limitations or exacerbated any other impairment. We decline to impose such a requirement on the ALJ.

Based on the record evidence, the ALJ limited Ms. Smith to light work with no more than occasional crouching and kneeling. Ms. Smith has not shown that her obesity alone, or in combination with other impairments, resulted in any further

---

[1] Social security rulings do not carry the force of law; but they are generally entitled to deference because "they constitute Social Security Administration interpretations of its own regulations and the statute which it administers." *Walker v. Sec'y of Health & Human Servs.*, 943 F.2d 1257, 1259-60 (10th Cir. 1991).

4

limitations. The ALJ followed SSR 02-1p in formulating Ms. Smith's RFC and his findings are supported by substantial evidence.

### B. Credibility

Ms. Smith contends that the ALJ erred in finding her complaints of disabling pain not entirely credible. She points to her testimony of "debilitating migraines . . . and pain in her low back and right knee that limited her ability to sit, stand, walk, and lift." Aplt. Opening Br. at 24-25. According to Ms. Smith, once the ALJ found that her degenerative disc disease of the lumbar spine and degenerative joint disease of her right knee were severe impairments, he was required to conclude that the pain she associated with these ailments was disabling. She also attacks as improper "boilerplate," the ALJ's conclusion that her "'statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC] assessment.'" *Id*. at 29. We disagree with these contentions.

The framework for evaluating the intensity and persistence of symptoms and their functional effects is provided in 20 C.F.R. §§ 404.1529(c) and 416.929(c). *See also* SSR 96-7P, 1996 WL 374186, at *1 ("When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work

5

activities. This requires the adjudicator to make a finding about the credibility of the individual's statement about the symptom(s) and its functional effects").

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determination when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (internal quotation marks omitted). But "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* (internal quotation marks omitted). An ALJ must do more than simply "recite[] the general factors he considered . . . [without] refer[ring] to any specific evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). *Kepler* does not, however, "require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied." *Id.*

The ALJ's analysis meets this test. Regarding Ms. Smith's knee pain, the ALJ reported that Ms. Smith underwent arthroscopic surgery and was treated with epidural injections and therapy. The ALJ noted, however, that postoperative x-rays "showed good alignment and no significant bony abnormality." Aplt. App., Vol. I at 21. And a later examination revealed "that she had a good range of motion of the right knee [with] some small . . . effusion. However, she had good motor and sensory function." *Id.*

As for Ms. Smith's back, the ALJ stated that she "underwent a minimally invasive [procedure] . . . [and] [p]ostoperatively, her pain improved and her incision healed well with no redness or drainage.  She was prescribed Lortab and Mobic." *Id.*

The ALJ also found that Ms. Smith's testimony about her daily activities was inconsistent with her allegations of disabling pain.  He said that Ms. Smith "indicated dressing, bathing, caring for her hair, feeding herself [and] toileting without assistance. . . .  She is also able to prepare meals, wash laundry, clean, shop in stores and drive." *Id.*  The ALJ's credibility findings are closely and affirmatively linked to substantial evidence and may not be disturbed.

**C. Depression**

"[W]aiver principles developed in other litigation contexts are equally applicable to social security cases.  Thus, waiver may result from the . . . claimant's failure to . . . object adequately to the magistrate judge's recommendation[.]" *Berna v. Chater*, 101 F.3d 631, 632-33 (10th Cir. 1996) (citation and internal quotation marks omitted).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for appellate review." *Soliz v. Chater*, 82 F.3d 373, 375 (10th Cir. 1996) (ellipsis and internal quotation marks omitted).  Specificity is necessary because "only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

7

The Commissioner contends that Ms. Smith waived her appellate arguments concerning the ALJ's analysis of her affective disorder (depression) because she failed to make sufficiently specific objections to the magistrate judge's R&R. We agree.

In her brief to the magistrate judge, Ms. Smith's entire argument concerning the ALJ's alleged failure to properly evaluate her depression was buried in part of a single sentence toward the end of a six-page discussion focused on obesity: "Because the ALJ failed to acknowledge or consider [her] obesity *and did not provide any meaningful analysis concerning the impact of her affective disorder*, he effectively did not evaluate these impairments at steps four and five of the sequential analysis." Aplt. App., Vol. II at 400 (emphasis added). The magistrate judge nonetheless mentioned the "argument" about her depression in his R&R and concluded that Ms. Smith failed to identify any error:

> [T]he ALJ's decision includes a discussion of the evidence related to [Ms. Smith's] depression, including reference to the report of the consultative psychological examiner . . . and specific findings as to the severity of functional limitations stemming from her depression based on her subjective testimony and statements in the record and [the] report. [Ms. Smith] does not point to evidence in the record that was probative of the issue and was not discussed in the ALJ's decision.

*Id.* at 424.

Ms. Smith's objections to the R&R concerning her depression were as flawed as her initial conclusory assertion. Instead of identifying any specific error, she merely repeated the above-quoted statement from her earlier brief. Understandably perceiving no objection, the district court did not even mention Ms. Smith's affective

8

disorder (depression) in its decision adopting the R&R. We hold that Ms. Smith did not preserve the issue for appeal.[2]

The judgment of the district court is affirmed.

Entered for the Court


Harris L Hartz
Circuit Judge

---

[2] Ms. Smith did not file a reply brief to argue that we should apply the interests-of-justice exception to the firm waiver rule. *See Soliz v. Chater*, 82 F.3d 373, 376 (10th Cir. 1996) (recognizing the interests-of-justice exception to the firm waiver rule). Therefore, we do not address the exception.